O

cc: order, docket, remand letter to
Santa Barbara Superior Court, Cook
Division, Santa Maria, No. 1388446

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKIE BRYANT, an individual; TAMMY HUDGINS, an individual; SUSAN ODDONE, an individual for themselves, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>CATHOLIC HEALTHCARE WEST, a California corporation,<br><br>        Defendant. | Case No. CV 11-07490 DDP (JCGx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING CASE TO STATE COURT**<br><br>[Docket No. 17] |

Presently before the court is Defendant's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Motion"). Having reviewed the parties' moving papers and heard oral argument, the court denies the Motion, remands the entire matter to California state court, and adopts the following Order.

**I.  BACKGROUND**

Plaintiffs are employed as registered nurses ("RNs") at three hospitals owned and operated by Defendant. Plaintiffs filed this

class action on behalf of current and former RNs at the hospitals, alleging various state law wage and hours claims. Specifically, Plaintiffs allege claims for: 1) unpaid wages, pursuant to California Labor Code ("Labor Code") section 1194 and California Industrial Welfare Commission Wage Order ("Wage Order") 4-2001; 2) unpaid overtime wages, pursuant to Labor Code section 1194 and Wage Order 4-2001; 3) unpaid meal and break periods, pursuant to Labor Code section 226.7 and Wage Order 4-2001; 4) unpaid reporting time pay, pursuant to Wage Order 4-2001; 5) failure to provide complete and accurate wage statements, in violation of Labor Code section 226(a); and 6) unfair business practices, in violation of California Business and Professions Code section 17000.

Plaintiffs' first two claims are based on allegations that Defendant deliberately falsifies RN time records to reflect reduced regular and overtime hours worked, such that Defendant does not pay the RNs for all of their hours worked. Plaintiffs' employment is also governed by a Collective Bargaining Agreement ("CBA") that addresses Plaintiffs' regular rate of pay and the payment of overtime.

Plaintiffs originally filed their Complaint in California state court. Defendant then removed the action to this court, on the basis of federal preemption under Section 301 of the Labor Management Relations Act ("Section 301"), 29 U.S.C. § 185. Defendant then filed this Motion for Summary Judgment, arguing that Plaintiffs' first two claims for unpaid wages are preempted by Section 301, and that all of Plaintiffs' claims also otherwise fail as a matter of law. Plaintiffs contend, to the contrary, that

their state law claims are not preempted and that this court therefore lacks federal subject matter jurisdiction.

**II. DISCUSSION**

A district court must remand a case previously removed from state court if, at any time before judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447. The "defendant always has the burden of establishing that removal is proper," and courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Section 301 both provides federal jurisdiction over claims for violations of collective bargaining agreements, and preempts any state law cause of action for such a violation. See Burnside v. Kiewit Pac. Corp., 491 F. 3d 1053, 1058-59 (9th Cir. 2007). A plaintiff may not avoid such preemption through artful pleading. See id. at 1059. Courts therefore apply a two-step preemption analysis where a plaintiff does not expressly plead a breach of contract claim. First, the court must determine whether the claim involves a state law right that exists independent of the CBA. See id. If it does, the court then considers whether this right is substantially dependent on an analysis of the CBA, such that resolving the claim requires interpreting - as opposed to simply looking or referring to - the CBA. See id.

Here, Defendant first argues that Plaintiffs have expressly pled a breach of the CBA, with regard to their overtime claim. The court disagrees. As discussed, Plaintiffs' Complaint sets forth six claims for violations of state wage and hour law. Plaintiffs' overtime claim, in particular, "is brought pursuant to California

Labor Code Section 1194 which provides for an employee to recover in a civil action the unpaid balance of the full amount of overtime compensation due." (Compl. ¶ 30; see also, e.g., id. at 20-21 ("Second Claim for Relief (Unpaid Overtime Wages pursuant to Labor Code § 1194 and Wage Order 4-2001))"; id. ¶ 32 ("This action is brought pursuant to Section 3 of the Wage Orders.").)

Plaintiffs do not mention the CBA until the seventh paragraph of their overtime claim, where they state: "Class Members were required to work in excess of their scheduled shifts and were not compensated for that time pursuant to Labor Code and Wage Orders. Furthermore, this practice violated the [CBA]." (Id. ¶ 35.) Plaintiffs then describe the work schedules and pay rates set forth by the CBA, before concluding that: "The failure to pay Class Members for all hours worked and the failure to pay overtime violated Labor Code Section 1194 and continues to violate Section 3 of the Wage Orders as well as the [CBA]."

Accordingly, although Plaintiffs do ultimately add that Defendant's alleged violation of the California Labor Code also violates the CBA, the court finds that this constitutes a non-essential factual allegation. Plaintiffs expressly base their claim on violations of the Labor Code and Wage Orders, not on violations of the CBA. That Plaintiffs later state that these violations also violate the CBA does not change the substantive basis for their claim. Indeed, just as plaintiffs cannot evade preemption through artful pleading, they cannot fairly be held to waive a clear independent state law basis for a claim due to an inartful reference to the CBA. Again, Plaintiffs here expressly allege an overtime claim under Labor Code section 1194 and the

4

applicable Wage Order.  That within this claim, Plaintiffs note as a matter of fact that these acts also violate the CBA, does not convert this claim into, or amount to a separate cause of action for, breach of contract.

Defendant also argues, however, that Plaintiffs' overtime claim cannot be based on the California Labor Code, because Labor Code section 510 provides the statutory basis for recovery of overtime wages, but section 514 exempts from this provision employees covered by a CBA that "provides premium wage rates for all overtime hours worked."  As Plaintiffs note, this very argument has already been rejected by the Ninth Circuit:

> [Defendant] argues that by reason of Section 514, Section 510 does not apply because the CBA under which Gregory works and is paid provides premium wage rates for overtime. Even assuming the CBA provides premium wage rates for overtime, the question here is the same as that raised by Section 510: whether when overtime is paid under the CBA it is paid for <u>all overtime hours worked</u>, as required by California law.  This is a question of interpretation of state law, not of the CBA, that we leave to the state court.

<u>Gregory v. SCIE, LLC</u>, 317 F.3d 1050, 1053 (9th Cir. 2003).  District courts in this Circuit have also applied <u>Gregory</u> in finding no Section 301 preemption on facts materially identical to those here.  See <u>Andino v. Kaiser Found. Hosps.</u>, No. C 11-04152, 2011 WL 5883975, at *3 (N.D. Cal. Nov. 23, 2011); <u>Smith v. Dreyer's Grand Ice Cream, Inc</u>., No. 11-5233, 2012 WL 476546, at *3 (N.D. Cal. Feb. 14, 2012).

Further, as these courts explained, the independent state law right to be paid for all hours worked does not require any interpretation of the CBA, at least under the circumstances at issue here.  In particular, Plaintiffs' unpaid wage claims are not

5

based on a dispute over how to calculate their pay rate under the CBA, but on Defendant's alleged failure to pay them any regular or overtime pay <u>at all</u> for certain time worked. See <u>Gregory</u>, 317 F.3d at 1053 n.3 ("Here, the parties' dispute is not over how premium wage rates are calculated under the CBA, but whether Gregory is paid premium pay for all the time for which he is entitled to premium pay under California law. This dispute does not require interpretation of the CBA."); <u>Burnside</u>, 491 F.3d at 1058-59 (same and finding that the "need to consult the CBAs to determine the wage rate to be used in calculating liability cannot, alone, trigger section 301 preemption").

Accordingly, because Plaintiffs' claims for failure to pay all regular and overtime wages are based on independently existing state law rights, and resolving these claims will not require any interpretation of the CBA, their claims are not preempted by Section 301. Further, because Defendant has not provide any other basis for federal subject matter jurisdiction, the court finds that it lacks jurisdiction and must remand this action to state court.

**III. CONCLUSION**

For all of these reasons, the court hereby DENIES Defendant's Motion for Summary Judgment, and REMANDS the entire action to California state court.

IT IS SO ORDERED.

Dated: August 13, 2012

DEAN D. PREGERSON
United States District Judge